■ MOHAMMAD SALEH, Appellant, v SARATOGA CONDOMINIUM, Defendant, and YATES RESTORATION GROUP, LTD., Respondent. [783 NYS2d 588]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated March 3, 2003, as granted those branches of the motion of the defendant Yates Restoration Group, Ltd., which were for summary judgment dismissing the causes of action based upon Labor Law §§ 200 and 241 (6), and common-law negligence insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed by nonparty Gondal Enterprises to restore the exterior facade of a building owned by the defendant Saratoga Condominium (hereinafter Saratoga). The respondent Yates Restoration Group, Ltd. (hereinafter Yates), was the general contractor on the project. The plaintiff and a coworker were working while standing on a scaffold that was equipped with a motor on each side, which needed to be operated simultaneously in order to raise the scaffold properly. The plaintiff allegedly was injured when his coworker activated one motor without warning, causing one side of the scaffold to rise and the plaintiff to be thrown to the other side.

The plaintiff commenced this action against Yates and Saratoga, alleging, inter alia, violations of Labor Law §§ 200 and 241 (6) and common-law negligence.

To prevail under Labor Law § 241 (6), a plaintiff must estab-

646

lish the violation of an Industrial Code provision which sets forth a specific standard of conduct (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505 [1993]; *Misirlakis v East Coast Entertainment Props.*, 297 AD2d 312 [2002]). The plaintiff contends that Yates violated 12 NYCRR 23-5.8 (g), a provision of the Industrial Code which requires a suspended scaffold to be tied at every working level to prevent injuries resulting from swaying.

Initially, we note that the plaintiff submitted no evidence that Yates violated this section of the Industrial Code (*see D'Acunti v New York City School Constr. Auth.*, 300 AD2d 107 [2002]). Furthermore, contrary to the plaintiff's contentions, the provision of the Industrial Code upon which he relies is inapplicable to the facts of this case (*see generally Sainato v City of Albany*, 285 AD2d 708 [2001]), since the plaintiff's accident did not result from the swaying of the scaffold while at a working level, but occurred because the plaintiff's coworker activated the motor. Therefore, the plaintiff's Labor Law § 241 (6) claim was properly dismissed.

The Labor Law § 200 and common-law negligence causes of action were also properly dismissed since Yates established its prime facie entitlement to judgment as a matter of law by demonstrating that it did not supervise or control the plaintiff's work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]; *Dennis v City of New York*, 304 AD2d 611 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Prudenti, P.J., Ritter, H. Miller and Adams, JJ., concur.