MICHAEL LOCICERO et al., Respondents, v PRINCETON RESTORATION, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. CADILLAC CONCRETE CORP., Third-Party Defendant-Respondent-Appellant. [811 NYS2d 673]—

In an action to recover damages for personal injuries, etc., (1) the defendant third-party plaintiff, Princeton Restoration, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated March 8, 2004, as denied those branches of its cross motion which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its third-party cause of action for common-law indemnification, and (2) the third-party defendant, Cadillac Concrete Corp., cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the third-party causes of action alleging contribution and common-law indemnification.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law § 200, and substituting therefor a provision granting that branch of the cross motion, and (2) deleting the provision thereof denying that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 241 (6), and substituting therefor a provision granting that branch of the cross motion to the extent of limiting the plaintiffs' cause of action pursuant to Labor Law § 241 (6) to those allegations which set forth violations of 12 NYCRR 23-8.1 (f) (6) and 23-8.2 (c) (3) and otherwise denying that branch of the cross motion; as so modified, the or-

der is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Michael Locicero delivered a bundle of wire mesh rebar to the third-party defendant, Cadillac Concrete Corp. (hereinafter Cadillac). Cadillac had been hired as a subcontractor by the defendant third-party plaintiff general contractor, Princeton Restoration, Inc. (hereinafter Princeton), to pour concrete flooring for the renovation of the Huntington Public Library. After being instructed by Cadillac to deliver the bundle to the second floor of the work site, Locicero attached the bundle to a crane on the back of his truck by two nylon slings threaded through gauge wire ties which had been pre-installed on the wire mesh bundle by the manufacturer. As the bundle was being lifted, the gauge wire snapped and the bundle fell on Locicero.

The plaintiffs commenced this action against the manufacturer and Princeton, alleging, inter alia, common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). Princeton impleaded Cadillac as a third-party defendant, interposing claims for contribution, contractual indemnification, and common-law indemnification. Cadillac moved for summary judgment dismissing the third-party complaint. The Supreme Court granted the motion to the extent that it dismissed the third-party claim for contractual indemnification. The Supreme Court denied that branch of Cadillac's motion which was for summary judgment dismissing the third-party causes of action alleging contribution and common-law indemnification. The Supreme Court also denied Princeton's cross motion for summary judgment dismissing the complaint and for summary judgment on its third-party causes of action alleging contribution, contractual indemnification, and common-law indemnification. We modify.

The Supreme Court correctly denied that branch of Princeton's cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), as there are triable issues of fact as to whether an adequate safety device was supplied to the plaintiff at the work site (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *Juncal v W 12/14 Wall Acquisition Assoc., LLC*, 15 AD3d 447 [2005]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681 [2005]; *Blair v Rosen-Michaels, Inc.*, 146 AD2d 863, 865 [1989]).

The Supreme Court erred in denying those branches of Princeton's cross motion which were to dismiss the causes of action alleging common-law negligence and violations of Labor Law § 200, which is a codification of the common-law duty

imposed on owners and contractors to maintain a reasonably safe construction site (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505 [1993]; *Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]). To establish liability under these theories of recovery, the injured worker must establish that the owner or contractor had the "authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Louis N. Picciano & Son,* 54 NY2d 311, 317 [1981]; *see Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 352 [1998]; *Lombardi v Stout,* 80 NY2d 290, 295 [1992]).

Princeton established its prima facie entitlement to judgment as a matter of law by producing evidence that deliveries for its subcontractors frequently occurred without its knowledge or supervision, that Princeton did not supervise the subcontractors on the methods for unloading materials, and that Locicero determined the method by which to unload the wire mesh rebar bundle without the supervision or control of Princeton. In opposition, the plaintiffs failed to produce any evidence to contradict Princeton's assertions and, thus, failed to establish the existence of any triable issue of fact (*see Saleh v Saratoga Condominium,* 10 AD3d 645 [2004]).

A contractor may be liable to an injured worker under Labor Law § 241 (6) even absent evidence of control or supervision of the injury-producing event, where a failure to comply with specific safety rules and regulations set forth in the Industrial Code of the State of New York was a substantial factor in bringing about the injury-causing event (*see Rizzuto v Wenger Contr. Co., supra* at 350; *Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 501-502). The plaintiffs contend that their Labor Law § 241 (6) cause of action is founded upon violations of Industrial Code (12 NYCRR) § 23-6.1 (d), (e), (f), (g), (h); § 23-8.1 (f) (6), (7) and § 23-8.2 (c) (3). Industrial Code subpart 23-6 cannot serve as the basis for Labor Law § 241 (6) liability because the mobile crane used by the plaintiff is specifically exempt from the mandate of this regulation (*see* 12 NYCRR 23-6.1 [a]; *Salinas v Barney Skanska Constr. Co.,* 2 AD3d 619, 622 [2003]; *Marin v City of New York,* 5 Misc 3d 1003[A], 2004 NY Slip Op 51164 [U], *3 [2004]; *Wood v State of New York,* 2 Misc 3d 931, 934 [2003]). Industrial Code § 23-8.1 (f) (7) is not applicable because the plaintiff did not leave his position at the controls of the mobile crane (*see Saleh v Saratoga Condominium, supra*).

However, the Labor Law § 241 (6) cause of action is properly founded upon the alleged violation of Industrial Code § 23-8.1 (f) (6), which specifically prohibits the "hoist[ing] or carry[ing]

any load over and above any person" (12 NYCRR 23-8.1 [f] [6]). Although subpart 23-8.1 is entitled "General provisions," section 23-8.1 (f) (6) is an unequivocal and specific command and not a mere reiteration of a common-law standard of care incorporated into the Industrial Code (*see Rizzuto v Wenger Contr. Co., supra* at 350-351; *cf. Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 501-502; *Vernieri v Empire Realty Co.,* 219 AD2d 593, 597-598 [1995]; *Sutherland v City of New York,* NYLJ, Feb. 20, 1998, at 29, col 6, *affd* 266 AD2d 373, 380 [1999]; *but see Howell v Koch Erecting Corp.,* 192 Misc 2d 491, 495-496 [2002]). In addition, Princeton failed to establish that the plaintiff's injuries were not caused by the rotation or swinging of the load (*see* 12 NYCRR 23-8.2 [c] [3]). Accordingly, the plaintiffs' proof in furtherance of their Labor Law § 241 (6) cause of action is limited to the contentions alleging violations of 12 NYCRR 23-8.1 (f) (6) and 23-8.2 (c) (3).

The parties' remaining contentions are without merit. H. Miller, J.P., Cozier, Crane and Skelos, JJ., concur.