■ MICHAEL O'LEARY, Appellant, v CLEAN CUT CARPENTRY, INC., et al., Respondents, et al., Defendants. [819 NYS2d 68]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated February 17, 2005, as granted the cross motion of the defendant Clean Cut Carpentry, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that order is affirmed insofar as appealed from, with costs.

To establish liability under a theory of common-law negligence and for a violation of Labor Law § 200, an injured worker must establish that the party charged with the duty to maintain a reasonably safe construction site had the authority to control the activity bringing about the injury, to enable it to avoid or correct an unsafe condition (*see Locicero v Princeton Restoration, Inc.,* 25 AD3d 664, 666 [2006]; *Aranda v Park E. Constr.,* 4 AD3d 315, 316 [2004]). The defendant Clean Cut Carpentry, Inc. (hereinafter Clean Cut), established its prima facie entitlement to judgment as a matter of law by producing evidence that it did not have supervisory control over the activity that brought about the plaintiff's injury (*see Damiani v Federated Dept. Stores, Inc.,* 23 AD3d 329, 332 [2005]; *Amaxes v Newmark & Co. Real Estate, Inc.,* 15 AD3d 321, 322-323 [2005]). In opposition, the plaintiff failed to produce any evidence to contradict Clean Cut's submissions and, thus, failed to raise a triable issue of fact (*see Locicero v Princeton Restoration, Inc., supra*; *Saleh v Saratoga Condominium,* 10 AD3d 645, 646 [2004]). Accordingly, the Supreme Court properly granted Clean Cut's cross motion for summary judgment dismissing the complaint insofar as asserted against it. Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.