PARGAT SINGH, Respondent, v KREISLER BORG FLORMAN GENERAL CONSTRUCTION COMPANY, INC., Appellant, et al., Defendants. [825 NYS2d 104]—

In an action to recover damages for personal injuries, the defendant Kreisler Borg Florman General Construction Company, Inc., appeals from so much of an order of the Supreme Court,

Queens County (Polizzi, J.), dated September 16, 2005, as, upon reargument, denied that branch of its motion which was for leave to renew, upon the completion of discovery, its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, upon reargument, that branch of the motion which was for leave to renew, upon the completion of discovery, the appellant's cross motion for summary judgment is granted, and upon renewal, the cross motion for summary judgment dismissing the complaint insofar as asserted against the appellant is granted.

Under the circumstances of this case the Supreme Court should have, upon reargument, granted that branch of the appellant's motion which was for leave to renew, upon the completion of discovery, its cross motion for summary judgment dismissing the complaint insofar as asserted against it. Upon renewal, the cross motion for summary judgment should have been granted.

The appellant entered into a contract with the New York City School Construction Authority to serve as its construction manager for emergency construction work that was performed at a public school. The appellant established its prima facie entitlement to judgment as a matter of law by producing evidence that it did not have supervisory control and authority over the activity that brought about the respondent's injury (*see Walls v Turner Constr. Co.,* 4 NY3d 861 [2005]; *O'Leary v Clean Cut Carpentry, Inc.,* 31 AD3d 514 [2006]; *Loiacono v Lehrer McGovern Bovis,* 270 AD2d 464, 465 [2000]). In addition, the contract documents and deposition testimony submitted in support of the appellant's cross motion established, prima facie, that the work for which it was hired was completed before the respondent's accident. In opposition, the respondent failed to raise a triable issue of fact. Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.