■ PETER RAGONE, Appellant-Respondent, v SPRING SCAFFOLDING, INC., et al., Respondents, et al., Defendant, and UNIVERSAL SERVICES GROUP, LTD., et al., Respondents-Appellants. [848 NYS2d 230]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Schulman, J.), dated July 18, 2006, which, inter alia, granted the separate motions of the defendants Spring Scaffolding, Inc., and A Plus Restoration Consultant Corporation for summary judgment dismissing the complaint insofar as asserted against them, granted those branches of the motion of the defendants Universal Services Group, Ltd., Federated Department Stores, Inc., Macy's Primary Real Estate, Inc., Macy's East, Inc., Macy's New York, Inc., Macy's Northeast, Inc., and Herald Square Properties Corp. which were for summary judgment dismissing the causes of action alleging common-law negligence insofar as asserted against the defendant Universal Services Group, Ltd., the cause of action alleging a violation of Labor Law § 200 insofar as asserted against each of them, and so much of the cause of action as alleged a violation of Labor Law § 241 (6) based on 12 NYCRR 23-1.7 (e) (1) and (2) insofar as asserted against each of them, and denied that branch of his cross motion which was for summary judgment on his cause of action alleging a violation of Labor Law § 241 (6) based on 12 NYCRR 23-5.8 (c) insofar as asserted against the defendants Universal Services Group, Ltd., Federated Department Stores, Inc., Macy's Primary Real Estate, Inc., Macy's East, Inc., Macy's New York, Inc., Macy's Northeast, Inc., and Herald Square Properties Corp.; and the defendants Universal Services Group, Ltd., Federated Department Stores, Inc., Macy's Primary Real Estate, Inc., Macy's East, Inc., Macy's New York, Inc., Macy's Northeast, Inc., and Herald Square Properties Corp. cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was based on 12 NYCRR 23-5.8 (c).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Spring Scaffolding, Inc., which was for summary judgment dismissing the cause of action based on common-law negligence insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff alleges that he was injured when a motorized hoist fell from a scaffold which he was wheeling along an elevated bridge over the sidewalk adjacent to a department store which was undergoing renovation. The elevated bridge had been constructed by the defendant Spring Scaffolding, Inc. (hereinafter Spring), pursuant to a contract with the defendant Universal Services Group, Ltd. (hereinafter Universal), the general contractor.

The plaintiff commenced this action against, among others, Spring and Universal and Federated Department Stores, Inc., along with Macy's New York, Inc., and related entities (hereinafter collectively Macy's), the owner of the department store, and A Plus Restoration Consultant Corporation (hereinafter A Plus), a subcontractor of the plaintiff's employer.

The plaintiff alleged that Spring created a dangerous condition by erecting the elevated bridge with a raised plank, which caused the scaffold to jolt and the motor hoist to fall upon and injure the plaintiff. Spring contended, inter alia, that because it contracted with Universal, it owed no duty to the plaintiff.

Generally, a contractual obligation, standing alone, is insufficient to give rise to tort liability in favor of a non-contracting third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, an exception to this general rule exists where the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk, sometimes described as conduct that has "launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Bienaime v Reyer*, 41 AD3d 400, 403 [2007]; *Regatta Condominium Assn. v Village of Mamaroneck*, 303 AD2d 739, 740 [2003]; *Espinal v Melville Snow Contrs.*, 98 NY2d at 140-142).

The allegation that Spring negligently constructed the sidewalk bridge with a raised plank falls within this exception (*see Grant v Caprice Mgt. Corp.*, 43 AD3d 708 [2007]; *Bienaime v Reyer*, 41 AD3d 400, 403 [2007]). Thus, Spring failed to make a prima facie showing that it was entitled to judgment as a matter of law dismissing the plaintiff's cause of action based on common-law negligence. Therefore, the burden never shifted to the plaintiff to raise a triable issue of fact in response (*see Dooley v Peerless Importers, Inc.*, 42 AD3d 199, 204-205 [2007]). Accordingly, the Supreme Court should have denied that branch of Spring's motion which was for summary judgment dismissing the cause of action based on common-law negligence insofar as asserted against it.

A Plus established its prima facie entitlement to judgment as

a matter of law dismissing the cause of action based on common-law negligence insofar as asserted against it because there was no evidence that it created an unreasonable risk of harm that was a proximate cause of the plaintiff's injuries (*cf. Marano v Commander Elec., Inc.*, 12 AD3d 571, 572-573 [2004]; *Mennerich v Esposito*, 4 AD3d 399 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact.

Those causes of action alleging common-law negligence against Universal and a violation of Labor Law § 200 against Universal and Macy's were properly dismissed. Macy's demonstrated its prima facie entitlement to judgment as a matter of law with evidence establishing that it did not create or have notice of an allegedly unsafe condition which allegedly caused the accident. Similarly, Universal demonstrated that even if it had control of the work site (*see Keating v Nanuet Bd. of Educ.*, 40 AD3d 706 [2007]), it did not have notice of, or create, the allegedly unsafe condition which allegedly caused the accident (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *O'Leary v Clean Cut Carpentry, Inc.*, 31 AD3d 514 [2006]; *Molyneaux v City of New York*, 28 AD3d 438, 439-440 [2006]; *Sprague v Peckham Materials Corp.*, 240 AD2d 392, 394 [1997]). Universal and Macy's similarly demonstrated their prime facie entitlement to judgment as a matter of law with respect to the alleged violations of 12 NYCRR 23-1.7 (e) (1) and (2), as the provisions of the Industrial Code allegedly violated did not apply to the subject accident (*see Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1348 [2003]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]; *Dalanna v City of New York*, 308 AD2d 400, 401 [2003]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002]; *Adams v Glass Fab*, 212 AD2d 972, 973 [1995]). With respect to these matters, the plaintiff failed to raise a triable issue of fact.

However, summary judgment was properly denied with respect to the alleged violation of 12 NYCRR 23-5.8 (c), which requires supervision when a scaffold is moved. There are disputed issues of fact as to the proximate cause of the plaintiff's injuries (*see Saleh v Saratoga Condominium*, 10 AD3d 645 [2004]).

The plaintiff's remaining contentions are without merit. Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.