■ CARMELO CICCONE, Appellant, et al., Plaintiff, v KENDAL ON HUDSON et al., Respondents, et al., Defendants. [898 NYS2d 645]—

In an action to recover damages for personal injuries, etc., the plaintiff Carmelo Ciccone appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated November 7, 2008, as denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted by him against the defendants Kendal on Hudson and Andron Construction Corp. and the cause of action alleging negligence insofar as asserted by him against the defendant Empire Wallboard & Supply Co., Inc., and granted that branch of the cross motion of the defendants Kendal on Hudson and Andron Construction Corp. which was for summary judgment dismissing so much of the cause of action to recover damages for violations of Labor Law § 241 (6) as was premised on 12 NYCRR subpart 23-6 insofar as asserted by him against those defendants.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Carmelo Ciccone (hereinafter Ciccone) allegedly was injured in an accident that occurred during the construction of a building. The defendant Kendal on Hudson (hereinafter Kendal) was the owner of the property at issue. The defendant Andron Construction Corp. (hereinafter Andron) was a contractor involved in the construction project. The accident allegedly occurred while Ciccone was unloading panels of wallboard. According to Ciccone's deposition testimony, a bundle of these panels was lifted to the third-floor balcony of the building in which he was working by a truck equipped with a boom and a fork at the end of the boom. As explained by Ciccone, the bundle was suspended in the air by the fork approximately three to four feet above the floor of the balcony as he was unloading individual panels from the bundle, when the boom dropped suddenly, shaking to the left and right, and ultimately caused the remainder of the bundle to fall on his left arm, thus precipitating him to the floor of the balcony.

The truck was operated by an employee of the defendant Empire Wallboard & Supply Co., Inc. (hereinafter Empire). In support of their motion for summary judgment, the plaintiffs submitted the transcript of the deposition testimony of Empire's crane operator, who contradicted Ciccone's testimony, and averred that the boom did not drop suddenly or shake from side-to-side. He further testified that, on the date of the ac-

cident, he was unaware that anyone had an accident in the course of unloading the panels.

The Supreme Court properly denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted by Ciccone against Kendal and Andron. The plaintiffs failed to establish, prima facie, Ciccone's entitlement to judgment as a matter of law on these causes of action insofar as asserted against Kendal and Andron (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The papers submitted by the plaintiffs revealed the existence of a triable issue of fact as to how the accident occurred and, thus, a triable issue of fact with respect to whether the applicable Labor Law or Industrial Code provisions they cited were violated (*see Asson v 32 AA Assoc., LLC*, 22 AD3d 514 [2005]). In view of the plaintiffs' failure to meet their prima facie burden, the sufficiency of the defendants' opposing papers need not be considered (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Further, the Supreme Court correctly determined that Kendal and Andron made a prima facie showing of their entitlement to judgment as a matter of law with respect to so much of the cause of action to recover damages for violations of Labor Law § 241 (6) as was premised on 12 NYCRR subpart 23-6 insofar as asserted by Ciccone against them. The plaintiffs failed to raise a triable issue of fact in opposition to that showing (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). 12 NYCRR subpart 23-6 is not applicable to the vehicle at issue (*see Locicero v Princeton Restoration, Inc.*, 25 AD3d 664 [2006]). Accordingly, the Supreme Court properly granted that branch of the cross motion of Kendal and Andron which was for summary judgment dismissing so much of that cause of action insofar as asserted by Ciccone against them.

Additionally, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging negligence insofar as asserted by Ciccone against Empire, based on the doctrine of res ipsa loquitur. The plaintiffs failed to establish, prima facie, Ciccone's entitlement to judgment as a matter of law on this cause of action insofar as asserted against Empire (*see Morejon v Rais Constr. Co.*, 7 NY3d 203 [2006]) and, thus, we need not consider the sufficiency of Empire's opposition papers.

Ciccone's remaining contentions are without merit. Mastro, J.P., Miller, Austin and Roman, JJ., concur.