Giannas v 100 3rd Ave. Corp. (2018 NY Slip Op 08009)





Giannas v 100 3rd Ave. Corp.


2018 NY Slip Op 08009


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-07614
 (Index No. 11897/10)

[*1]Ioannis Giannas, appellant-respondent, 
v
100 3rd Avenue Corp., et al., defendants, Rockledge Scaffolding Corp., respondent-appellant, Apollo Tech Iron Work Corp., et al., respondents (and a third-party action).


Sacco & Fillas, LLP, Astoria, NY (Albert R. Matuza, Jr., of counsel), for appellant-respondent.
Hoffman Roth & Matlin, LLP, New York, NY (John T. Hague and James A. Roth of counsel), for respondent-appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Elizabeth Leigh Demler and John Risi of counsel), for respondent JF Contracting Corp.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Rockledge Scaffolding Corp. cross-appeals, from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated June 24, 2016. The order, insofar as appealed from by the plaintiff, denied those branches of his motion which were for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the defendants J & F Contracting Corp., 100 3rd Avenue Corp., and 100 Third Corp., and granted the motion of the defendant JF Contracting Corp. for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as cross-appealed from by the defendant Rockledge Scaffolding Corp., denied that branch of its motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it, and that branch of its motion which was for summary judgment on its contractual indemnification cross claim against the defendant JF Contracting Corp.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the defendant JF Contracting Corp. by the plaintiff and the defendant Rockledge Scaffolding Corp.
On January 23, 2009, the plaintiff allegedly was injured while working on a renovation project at a building in Manhattan owned by the defendants 100 3rd Avenue Corp. and 100 Third Corp. (hereinafter together 100 Third). 100 Third hired JF Contracting Corp. (hereinafter JF) as its construction manager. Thereafter, JF hired the defendant Rockledge Scaffolding Corp. (hereinafter Rockledge) to supply and install scaffolding at the work site. At the relevant time, the plaintiff was employed by Dynatec Contracting Corp., a subcontractor on the project, and was repairing fencing on the fourth floor of the building when he noticed what appeared to be a metal [*2]stud nailed across an open window. According to the plaintiff's deposition testimony, he climbed out of a neighboring window, crawled onto the scaffolding outside the building, and walked over to the window with the metal stud, intending to knock the stud into the building by hitting it with his hammer. However, as the plaintiff began to swing his hammer, the scaffold moved toward the street, causing him to lose his balance and fall through the window into the building. Philippos Kapnisis, the vice president of the defendant Apollo Tech Iron Work Corp., the company performing steelwork on the building, testified in a deposition that the plaintiff told him that the accident occurred because he tripped and fell while trying to enter into the building from the scaffold. According to Kapnisis, the plaintiff did not mention anything about the scaffold shifting away from the building at the time of the accident.
The plaintiff commenced this action to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The Supreme Court denied his subsequent motion, inter alia, for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against 100 Third and JF. In addition, the court granted JF's motion for summary judgment dismissing the complaint insofar as asserted against it. Regarding Rockledge, the court granted those branches of its motion which were for summary judgment dismissing the Labor Law §§ 200, 240(1), and 241(6) causes of action insofar as asserted against it, and denied that branch of its motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it. The court also denied that branch of Rockledge's motion which was for summary judgment on its contractual indemnification cross claim against JF. The plaintiff appeals and Rockledge cross-appeals.
Summary judgment is not appropriate on a cause of action alleging a violation of Labor Law § 240(1) where there is a triable issue of fact as to the manner in which the accident occurred (see Corchado v 5030 Broadway Props., LLC, 103 AD3d 768, 769; Kamolov v BIA Group, LLC, 79 AD3d 1101, 1101). Here, the testimony of Kapnisis raised a triable issue of fact regarding whether the accident was caused by the shifting of the scaffold or by the plaintiff tripping while entering the building from the scaffold and through the window. Accordingly, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against 100 Third.
We also agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on the Labor Law § 240(1) cause of action insofar as asserted against JF, and granting JF's motion for summary judgment dismissing the complaint insofar as asserted against it. Although a construction manager is generally not considered a contractor responsible for the safety of the workers at a construction site pursuant to Labor Law §§ 200, 240(1), and 241(6), "it may nonetheless become responsible if it has been delegated the authority and duties of a general contractor, or if it functions as an agent of the owner of the premises" (Rodriguez v JMB Architecture, LLC, 82 AD3d 949, 950; see Walls v Turner Constr. Co., 4 NY3d 861, 863-864). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (Lamar v Hill Intl., Inc., 153 AD3d 685, 686). A role of general supervision "is insufficient to impose liability under the Labor Law" (Rodriguez v JMB Architecture, LLC, 82 AD3d at 951).
JF established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law §§ 200, 240(1), and 241(6) causes of action insofar as asserted against it by demonstrating that it lacked the authority to control or supervise the plaintiff's work (see Lamar v Hill Intl., Inc., 153 AD3d at 686; Vazquez v Humboldt Seigle Lofts, LLC, 145 AD3d 709, 710; Rodriguez v JMB Architecture, LLC, 82 AD3d at 951). The terms of the contract between 100 Third and JF specifically provided that JF "shall not have control over or charge of and shall not be responsible for construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the Work, since these are solely the Contractor[']s responsibility under the Contract for Construction." Further, the plaintiff testified that Dynatec was responsible for safety at the job site, that no one from JF controlled or supervised his work at the [*3]project, and that he was hired by Dynatec to supervise the work that the subcontractors performed. Other deposition testimony further demonstrated that JF personnel were not regularly present at the work site. JF also established its prima facie entitlement to judgment as a matter of law dismissing the common-law negligence cause of action insofar as asserted against it. In opposition, the plaintiff failed to raise a triable issue of fact. Although an employee of JF testified that he had the right to stop the job if he walked onto the site and saw someone in danger, this is insufficient to raise a triable issue of fact regarding whether JF had control over the work of the plaintiff (see Lamar v Hill Intl., Inc., 153 AD3d at 686-687).
We agree with the Supreme Court's determination denying that branch of Rockledge's motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it, as there was a triable issue of fact regarding whether Rockledge negligently installed the subject scaffold. "Generally, a contractual obligation, standing alone, is insufficient to give rise to tort liability in favor of a non-contracting third party" (Ragone v Spring Scaffolding, Inc., 46 AD3d 652, 654; see Espinal v Melville Snow Contrs., 98 NY2d 136, 138). "However, an exception to this general rule exists where the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk, sometimes described as conduct that has launched a force or instrument of harm'" (Ragone v Spring Scaffolding, Inc., 46 AD3d at 654, quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 168; see Espinal v Melville Snow Contrs., 98 NY2d at 140).
Rockledge, which had contracted with JF to supply and install the scaffolding at the work site, failed to make a prima facie showing that it was entitled to judgment as a matter of law dismissing the cause of action alleging common-law negligence insofar as asserted against it. The allegation that Rockledge negligently installed the scaffold falls within the Espinal "force or instrument of harm" exception (see Ragone v Spring Scaffolding, Inc., 46 AD3d at 654). As Rockledge failed to demonstrate, prima facie, that it did not negligently install the subject scaffold, the burden never shifted to the plaintiff to raise a triable issue of fact (see id.).
Finally, we agree with the Supreme Court's determination denying that branch of Rockledge's motion which was for summary judgment on its contractual indemnification cross claim against JF. "[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662, citing General Obligations Law § 5-322.1; see Reisman v Bay Shore Union Free School Dist., 74 AD3d 772, 773). As there are triable issues of fact regarding whether Rockledge negligently installed the subject scaffold, summary judgment on its cause of action for contractual indemnification is not warranted (see Bleich v Metropolitan Mgt., LLC, 132 AD3d 933, 934; Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d at 662). Moreover, Rockledge failed to demonstrate that the contract requires JF to indemnify it for the plaintiff's accident (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492).
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court