Randazzo v Consolidated Edison Co. of N.Y., Inc. (2019 NY Slip Op 08236)





Randazzo v Consolidated Edison Co. of N.Y., Inc.


2019 NY Slip Op 08236


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2015-06838
 (Index No. 26377/10)

[*1]Anthony Randazzo, etc., plaintiff-appellant,
v
Consolidated Edison Company of New York, Inc., defendant third-party plaintiff/second third-party plaintiff-appellant, VRD Construction Co., defendant third-party defendant-respondent, MPM Exclusive Enterprises, Inc., et al., defendants second third-party defendants-respondents; Domenica Puleo, second third-party defendant-respondent.


Subin & Associates, LLP, New York, NY (Robert J. Eisen and Pollack Pollack Isaac & DeCicco [Christopher Soverow], of counsel), for plaintiff-appellant.
David M. Santoro, New York, NY (Stephen T. Brewi of counsel), for defendant third-party plaintiff/second third-party plaintiff-appellant, Consolidated Edison Company of New York, Inc.
Cartafalsa, Slattery, Turpin & Lenoff, New York, NY (Louis A. Carotenuto of counsel), for defendant third-party defendant-respondent, VRD Construction Co.
Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh and Mauro Lilling Naparty LLP [Jennifer Ettenger], of counsel), for defendant second third-party defendant-respondent MPM Exclusive Enterprises, Inc.
Laurie Dipreta (Rush & Sabbatino, PLLC, New York, NY [Carolyn S. Rankin], of counsel), for defendant second-third party defendant-respondent Marcello Puleo and second third-party defendant-respondent, Domenica Puleo.
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant third-party plaintiff/second third-party plaintiff, Consolidated Edison Company of New



DECISION & ORDER
York, Inc., separately appeals, from an order of the Supreme Court, Kings County (Arthur M. Schack, J.), dated April 27, 2015. The order, insofar as appealed from by the plaintiff, granted those branches of the separate motions of the defendant third-party defendant, VRD Construction Co., the defendant second third-party defendant MPM Exclusive Enterprises, Inc., and the defendant second third-party defendant Marcello Puleo which were for summary judgment dismissing the second amended complaint insofar as asserted against each of them. The order, insofar as appealed from by the defendant third-party plaintiff/second third-party plaintiff, Consolidated Edison Company of New York, Inc., (1) granted those branches of the separate motions of the defendant third-party defendant, VRD Construction Co., the defendant second third-party defendant MPM Exclusive Enterprises, Inc., and the defendant second third-party defendant Marcello Puleo which were for [*2]summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against each of them, (2) granted that branch of the motion of the defendant third-party defendant, VRD Construction Co., which was for summary judgment dismissing the third-party complaint, and (3) granted those branches of the motion of the defendant second third-party defendant Marcello Puleo and the second third-party defendant, Domenica Puleo, and the separate motion of the defendant second third-party defendant MPM Exclusive Enterprises, Inc., which were for summary judgment dismissing the second third-party complaint insofar as asserted against each of them.
ORDERED that the appeal by the defendant third-party plaintiff/second third-party plaintiff, Consolidated Edison Company of New York, Inc., from so much of the order as granted those branches of the separate motions of the defendant third-party defendant, VRD Construction Co., the defendant second third-party defendant MPM Exclusive Enterprises, Inc., and the defendant second third-party defendant Marcello Puleo which were for summary judgment dismissing the second amended complaint insofar as asserted against each of them is dismissed, as the defendant third-party plaintiff/second third-party plaintiff, Consolidated Edison Company of New York, Inc., is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is reversed, on the law, those branches of the motion of the defendant third-party defendant, VRD Construction Co., which were for summary judgment dismissing the second amended complaint, all cross claims, and the third-party complaint insofar as asserted against it are denied, those branches of the separate motion of the defendant second third-party defendant MPM Exclusive Enterprises, Inc., which were for summary judgment dismissing the second amended complaint, all cross claims, and the second third-party complaint insofar as asserted against it are denied, those branches of the separate motion of the defendant second third-party defendant, Marcello Puleo, which were for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against him are denied, and those branches of the separate motion of the defendant second third-party defendant Marcello Puleo and the second third-party defendant, Domenica Puleo, which were for summary judgment dismissing the second third-party complaint insofar as asserted against them are denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff and the defendant third-party plaintiff/second third-party plaintiff, Consolidated Edison Company of New York, Inc., payable by the defendant second third-party defendant Marcello Puleo, the defendant third-party defendant, VRD Construction Co., the defendant second third-party defendant MPM Exclusive Enterprises, Inc., and the second third-party defendant, Domenica Puleo.
On August 28, 2010, the plaintiff allegedly tripped and fell over the concrete surrounding a "sunken" metal grate covering a vault located in front of 36 Birch Lane on Staten Island. The plaintiff, by his mother, commenced this action to recover damages for personal injuries against Marcello Puleo (hereinafter the owner), one of the owners of 36 Birch Lane, and Consolidated Edison Company of New York, Inc. (hereinafter Con Edison), the owner of the metal grate. Also included as defendants were VRD Construction Co. (hereinafter VRD), the contractor hired by Con Edison to replace equipment located underneath the metal grate, and MPM Exclusive Enterprises, Inc. (hereinafter MPM), the contractor hired by the owner to install the sidewalk in front of his home, including the concrete surrounding the metal grate. After third-party actions were commenced and various motions were made, the Supreme Court awarded summary judgment dismissing all causes of actions and cross claims insofar as asserted against VRD, MPM, the owner, and Domenica Puleo, the co-owner (hereinafter the co-owner). The plaintiff appeals, and Con Edison separately appeals.
In general, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138). Nonetheless, the Court of Appeals has recognized three exceptions to this general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm . . . (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties . . . and (3) where the contracting party has entirely displaced the other's party's duty to maintain the premises safely" (id. at 140 [internal quotation marks omitted]; see Foster v Herbert Slepoy Corp., 76 AD3d 210, 213).
Here, the owner, MPM, and VRD failed to establish their prima facie entitlement to [*3]judgment as a matter of law by demonstrating that the work performed on the grate and vault did not create the allegedly dangerous condition that caused the plaintiff to trip and fall and, thus, launched a force or instrument of harm (see Giannas v 100 3rd Ave. Corp., 166 AD3d 853, 856-857; Ragone v Spring Scaffolding, Inc., 46 AD3d 652, 654). Therefore, those branches of their motions which were for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against each of them should have been denied.
Moreover, the Supreme Court should not have awarded summary judgment dismissing Con Edison's third-party complaint against VRD, which alleged, inter alia, contractual indemnification, and Con Edison's second third-party complaint against the owner, the co-owner, and MPM, which alleged claims for contribution and common-law indemnification, as triable issues of fact exist regarding whether VRD and MPM negligently performed the work which allegedly caused the plaintiff's fall (see Giannas v 100 3rd Ave. Corp., 166 AD3d at 856-857; Chilinski v LMJ Contr., Inc., 137 AD3d 1185, 1188).
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court