■ STEVEN FARAONE, Appellant, v CANDICE DiCOCCO, Respondent. [686 NYS2d 238] —Crew III, J. Appeal from an order of the Supreme Court (Caruso, J.), entered March 26, 1998 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

On August 29, 1995, plaintiff's automobile collided with an automobile driven by defendant in the Town of Rotterdam, Schenectady County. As a result of this accident plaintiff commenced the instant action against, among others, defendant alleging that he had sustained a serious injury within the meaning of Insurance Law § 5102 (d).[1] After answering, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion and this appeal ensued.

We affirm. In support of her motion, defendant submitted the affidavit of James Striker, an orthopedic surgeon, who had examined plaintiff on defendant's behalf. Striker averred that plaintiff sustained a minor cervical lumbar strain from which he essentially had recovered. Additionally, Striker averred that he found no loss of function or any evidence of a causally related disability. Defendant also submitted plaintiff's medical records, which did not support a finding that plaintiff was prevented from performing substantially all of the material acts constituting his usual and customary activities for at least 90 of the 180 days following the accident. Defendant having thus established, prima facie, her entitlement to summary judgment, the burden shifted to plaintiff to demonstrate triable issues of fact (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957).

---

1. Although Edward Eckert, the apparent owner of the vehicle operated by defendant at the time of the accident, also was named as a defendant, the action against him was subsequently withdrawn.

In opposition to defendant's motion, plaintiff tendered the sworn affidavit of his chiropractor, David Cerniglia, who averred that he began treating plaintiff on August 30, 1995 for injuries related to the automobile accident.[2] Cerniglia was of the opinion that plaintiff "has been moderately disabled in his lumbar spine" and sustained injury to his cervical spine as well. Although Cerniglia refers to a number of tests or diagnostic studies that he ordered with regard to plaintiff and, in very general terms, indicates the results of said tests, he offers no opinion that the results thereof were causally related to the accident in question and, with regard to the alleged injury to plaintiff's cervical spine, he does not allege that such condition is permanent.

In short, we are of the opinion that plaintiff has failed to show through competent medical evidence that he sustained any permanent consequential or significant limitation of use of a body organ or member or significant limitation of use of a body function or system. Moreover, while plaintiff averred that he was unable to perform "many" of his daily activities, such statement falls far short of demonstrating that he was unable to perform substantially all of the material acts constituting his usual and customary activities during the relevant period. Accordingly, we agree with Supreme Court that plaintiff has failed to demonstrate that material questions of fact exist regarding whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. We note that plaintiff also submitted an evaluation by Denison Stone, a chiropractor, but inasmuch as the evaluation was unsworn, it does not constitute proof in admissible form and we have not considered it (*see, Grasso v Angerami,* 79 NY2d 813).