■ DAVID FLECK et al., Appellants, v JOHN A. CALABRO et al., Respondents. [702 NYS2d 666] —Peters, J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 10, 1999 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Following joinder of issue and completion of discovery in this personal injury action arising out of a motor vehicle accident, defendants moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). At plaintiffs' request, defendants consented to a two-week adjournment of the motion's return date to provide plaintiffs' medical expert with additional time to formulate his affidavit on the serious injury issue. Plaintiffs stipulated that "this will be the last extension granted in this matter and the last extension requested".

On the agreed date for the submission of opposition papers, plaintiffs submitted, *inter alia*, a four-page unsigned chiropractor's report in the form of an affirmation. Two days later, plaintiffs submitted a new page four signed by the chiropractor and defendants promptly objected on the ground that chiropractors are not authorized to proceed by affirmation (*see*, CPLR 2106). The day after the return date of the motion, plaintiffs submitted an affidavit from the chiropractor and requested that the affidavit be considered in opposition to the motion. Supreme Court refused to consider the chiropractor's affidavit and granted defendants' motion. Plaintiffs appeal.

Citing CPLR 2001 and 2101 (f), plaintiffs contend that, in the absence of any prejudice to defendants, Supreme Court erred in refusing to permit plaintiffs to correct the defect in the chiropractor's submission. In view of the insufficiency of unsworn medical evidence submitted by a plaintiff in opposition to a motion for summary judgment on the serious injury issue (*see, e.g., Grasso v Angerami*, 79 NY2d 813), we conclude that plaintiffs' late submission does not concern the correction of a defect. Rather, it implicates the court's authority to enforce the parties' stipulation regarding the submission of motion papers, to control its calendar and to determine whether to accept late submissions, which are matters within the court's discretion (*see, Baker v Donahue*, 199 AD2d 661).

Plaintiffs requested and obtained an adjournment for the express purpose of procuring their expert's affidavit. Their excuse for failing to obtain the affidavit within the agreed time limit, which attempts to shift the blame to the chiropractor, is unconvincing. Considering all of the circumstances, including plaintiffs' agreement not to seek a further adjournment and the inadequacy of their excuse for submitting unsworn medical evidence, we see no abuse of discretion in Supreme Court's refusal to accept the late submission of the chiropractor's affidavit. Inasmuch as the unsworn submission of the chiropractor to which defendants objected was legally insufficient (*see*, *Faraone v Di Cocco*, 259 AD2d 854, 855, n 2; *Rum v Pam Transp.*, 250 AD2d 751), defendants' motion, which was supported by admissible evidence demonstrating their entitlement to judgment on the serious injury issue, was properly granted. Supreme Court's order is, therefore, affirmed.

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.