■ NICHOLAS LOIACONO et al., Respondents, v LEHRER MC-GOVERN BOVIS, INC., Defendant and Third-Party Plaintiff-Appellant. MILLER DRUCK SPECIALTY CONTRACTING INC., et al., Third-Party Defendants-Appellants. [704 NYS2d 658] —In an action to recover damages for personal injuries, the defendant

third-party plaintiff and the third-party defendants separately appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 30, 1998, as denied those branches of their respective motions which were for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and those branches of the appellants' respective motions which were for summary judgment dismissing the complaint are granted.

The plaintiff Nicholas Loiacono was injured in the course of his employment as he stood atop a scaffold and attempted to hold a piece of stone weighing approximately 200 pounds that his co-worker was affixing to a bracket. When his partner let go of the stone, the injured plaintiff felt a "snapping pop in his shoulder". The defendant third-party plaintiff Lehrer McGovern Bovis, Inc. (hereinafter Lehrer McGovern) managed the construction site. The plaintiffs commenced an action against Lehrer McGovern to recover damages for negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). Lehrer McGovern brought a third-party action against Miller Druck Specialty Contracting (hereinafter MDSC), which contracted with the owner to perform stone work, and Miller Druck Company (hereinafter MDC), which employed Loiacono and which MDSC subcontracted with to perform the stone installation.

The Supreme Court denied those branches of the respective motions of Lehrer McGovern, MDSC, and MDC which were for summary judgment dismissing the complaint. We reverse the order insofar as appealed from.

The record contains no evidence that Lehrer McGovern directed or controlled the manner in which Loiacono carried out his task. Although Lehrer McGovern coordinated the contractors at the site, told contractors where to work on a given day, and had the authority to review safety on the site, this conduct does not rise to the level of supervision or control necessary to hold Lehrer McGovern liable for Loiacono's injuries (*see, Lillis v City of New York,* 226 AD2d 592; *Biszick v Ninnie Constr. Corp.,* 209 AD2d 661). As Loiacono testified at his examination before trial, his employer supplied him with his equipment for the job, and he determined how to go about installing the stone on his own.

Lehrer McGovern's remaining contention on appeal is without merit. Krausman, J. P., H. Miller, Schmidt and Smith, JJ., concur.