■ JAMES LAZAROU, Respondent-Appellant, v TURNER CONSTRUCTION CO., Appellant-Respondent, and GLENMAN CONSTRUCTION CORPORATION, Respondent and Third-Party Plaintiff-Respondent. JAMES LAZAROU PAINTING, Third-Party Defendant-Respondent. [795 NYS2d 573]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 19, 2004, which, inter alia, denied in part

the branch of defendant Turner Construction Co.'s motion seeking summary judgment dismissing the complaint as against it, and denied plaintiff's cross motion for summary judgment as to liability upon his Labor Law § 240 (1) claim, unanimously modified, on the law, to grant Turner's motion for summary judgment dismissing the complaint as against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The court properly found that questions of fact exist precluding the grant of summary judgment to plaintiff on his Labor Law § 240 (1) claim against defendant contractor Glenman Construction (see *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 293 [2003]). With respect to defendant construction manager Turner, however, summary judgment should have been granted dismissing that claim, and indeed the balance of the complaint against it, since the record establishes that Turner did not have sufficient supervision or control over the injury-producing work to be held accountable under Labor Law § 240 (1) (see *Russin v Picciano & Son*, 54 NY2d 311, 318 [1981]; *Loiacono v Lehrer McGovern Bovis, Inc.*, 270 AD2d 464 [2000]) or any other statutory or common-law theory alleged. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Williams, JJ.