■ JOHN ARMENTANO et al, Respondents, v BROADWAY MALL PROPERTIES, INC., et al., Defendants, and CCM, INC., et al., Appellants. [817 NYS2d 132]—

In an action to recover damages for personal injuries, etc., (1) the defendant CCM, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated September 13, 2005, as granted that branch of the plaintiffs' motion which was for summary judgment against it on the issue of liability pursuant to Labor Law § 240 and as denied its cross motion for summary judgment dismissing the cause of action based on a violation of Labor Law § 240 insofar as asserted against it, and (2) the defendant Garito Contracting, Inc., separately appeals, as limited by its brief, from so much of the same order as granted that branch of the plaintiffs' motion which was for summary judgment against it on the issue of liability pursuant to Labor Law § 240.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is denied, and the cross motion is granted.

Labor Law § 240 (1) imposes absolute liability on an owner or contractor or their agents· for injuries proximately caused by a breach of a nondelegable duty to provide proper protection to a worker performing certain types of work (*see Bland v Manocherian*, 66 NY2d 452 [1985]; *Figueroa v Manhattanville Coll.*, 193 AD2d 778 [1993]; *Merante v IBM*, 169 AD2d 710 [1991]). "In

order to prevail on a cause of action pursuant to Labor Law § 240 (1), *the plaintiff* must establish a violation of the statute and that the violation was a proximate cause of his [or her] injuries" (*Skalko v Marshall's Inc.*, 229 AD2d 569, 570 [1996]; *see Gandley v Prestige Roofing & Siding Co.*, 148 AD2d 666 [1989]). Only upon obtaining the authority to supervise and control the plaintiff's work does a third party fall within the class of those having nondelegable liability as an agent under Labor Law § 240 (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]). The Supreme Court erred in granting the plaintiffs' motion for summary judgment against the defendants CCM, Inc. (hereinafter CCM), the construction manager, and Garito Contracting, Inc. (hereinafter Garito), a subcontractor, on the issue of liability. The plaintiffs failed to establish, prima facie, entitlement to summary judgment as they adduced no evidence that CCM or Garito had any authority to supervise and control the injured plaintiff's work (*see Lopes v Interstate Concrete*, 293 AD2d 579 [2002]; *see also Zervos v City of New York*, 8 AD3d 477, 480-481 [2004]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

On its cross motion, CCM established, prima facie, that it only coordinated the different subcontractors, created work schedules, and prepared progress reports for the instant construction project. This authority does not rise to the level of supervision or control necessary to make CCM a contractor liable for the injured plaintiff's injuries pursuant to Labor Law § 240 (1) (*see Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464, 465 [2000]; *see also Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 683 [2005]). Therefore, the Supreme Court should have granted CCM's cross motion for summary judgment dismissing the cause of action based on a violation of Labor Law § 240 insofar as asserted against it. Crane, J.P., Ritter, Krausman and Skelos, JJ., concur. [*See* 7 Misc 3d 1031(A), 2005 NY Slip Op 50837(U) (2005).]