■ DIETOR BORBECK et al., Appellants, v HERCULES CONSTRUCTION CORP., Defendant, and BARNEY CONSTRUCTION CO., INC., Respondent. [852 NYS2d 264]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Held, J.), dated October 24, 2005, which, upon the granting of the motion of the defendant Barney Construction Co., Inc., pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiffs' case, is in favor of that defendant and against them, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

In this case, the defendant Barney Construction Co., Inc. (hereinafter the defendant), the construction manager of the subject project, was not a statutory agent of the owner pursuant to Labor Law § 240 (1). The evidence presented at the trial did not establish that the defendant had the authority to enforce the provisions of the contracts entered into by the owner with the project's prime contractors. Nor did it have the authority to stop the work in the event that an unsafe condition or work practice came to light. Thus, the defendant did not have the authority to control and supervise the work to become the owner's statutory agent (*see Walls v Turner Constr. Co.,* 4 NY3d 861, 863-864 [2005]; *Linkowski v City of New York,* 33 AD3d 971, 974-975 [2006]; *cf. Pino v Irvington Union Free School Dist.,* 43 AD3d 1130 [2007]; *Lodato v Greyhawk N. Am., LLC,* 39 AD3d 491 [2007]; *Kenny v Fuller Co.,* 87 AD2d 183, 189 [1982]). Accordingly, as there was "no rational process by which

the fact trier could base a finding in favor" of the plaintiffs (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]), the trial court correctly granted the defendant's motion pursuant to CPLR 4401for judgment as a matter of law.

We decline to consider the plaintiffs' contention that the trial court improvidently exercised its discretion in denying their motion for leave to reopen their direct case after they rested, as it is improperly raised for the first time in their reply brief (*see Katchalova v Perchikov*, 43 AD3d 873, 875-876 [2007]).

The parties' remaining contentions either need not be addressed or have been rendered academic in light of our determination. Rivera, J.P., Santucci, Covello and Balkin, JJ., concur.