■ GREGORY DOMINO et al., Appellants, v PROFESSIONAL CONSULTING, INC., Defendant and Third-Party Plaintiff-Respondent, and SMEDLEY CRANCE SERVICE, INC., et al., Respondent, et al., Third-Party Defendant. [869 NYS2d 224]—

The plaintiff Gregory Domino allegedly was injured while working as a carpenter on the construction of a Village of Mount Kisco water treatment facility. Domino was then employed by the third-party defendant Carlin Contracting Co., Inc. (hereinafter Carlin). The defendant third-party plaintiff Professional Consulting, Inc. (hereinafter PCI) served as the construction manager. Domino allegedly was injured while assisting in the installation of floor panels that were hoisted by a crane owned and operated by the defendant Smedley Crane Service, Inc. (hereinafter Smedley). Domino commenced this action to recover damages for personal injuries and his wife asserted derivative causes of action.

Upon reargument, the Supreme Court properly granted that branch of the motion of PCI which was for summary judgment dismissing the complaint insofar as asserted against it. "Although a construction manager is generally not considered a 'contractor' or 'owner' within the meaning of Labor Law § 240 (1) or § 241, it may nonetheless become responsible for the safety of the workers at a construction site if it has been delegated the authority and duties of a general contractor, or if it functions as an agent of the owner of the premises" (*Pino v Irvington Union Free School Dist.*, 43 AD3d 1130, 1131 [2007]; *see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]). A party is deemed to be an agent of an owner or general contrac-

tor under the Labor Law when it has the authority to control or supervise the work being performed (*Borbeck v Hercules Constr. Corp.,* 48 AD3d 498 [2008]; *see Damiani v Federated Dept. Stores, Inc.,* 23 AD3d 329, 331-332 [2005]). Similarly, a construction manager may not be held liable under Labor Law § 200 or for common-law negligence where the injuries arise from the manner in which the work was performed absent evidence that it "had the authority to supervise or control the performance of the work" (*Ortega v Puccia,* 57 AD3d 54, 61 [2008]; *see Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 269 [2001]; *Delahaye v Saint Anns School,* 40 AD3d 679, 684 [2007]).

Here, the contracts between PCI and the Village and between Carlin and the Village specifically prohibited PCI from supervising the manner or means of the contractors' work or the contractors' safety procedures, and assigned that responsibility solely to the contractors. Thus, PCI established that it was not delegated the authority and duties of a general contractor, and that it did not function as an agent of the owner of the premises or a general contractor with the authority to control or supervise the work being performed. In response to PCI's prima facie showing, the plaintiff failed to raise a triable issue of fact.

However, the Supreme Court erred in, upon reargument, granting that branch of the motion of Smedley, the subcontractor, which was for summary judgment dismissing the complaint insofar as asserted against it. In support of its motion, Smedley failed to establish that it lacked the authority to control or supervise the activity which is alleged to have been a cause of the injury, namely, the manner in which the loads were rigged to the crane (*see Miller v Yeshiva Zichron Mayir Gedola,* 44 AD3d 1017 [2007]; *Everitt v Nozkowski,* 285 AD2d 442, 444 [2001]; *see also Kehoe v Segal,* 272 AD2d 583, 584 [2000]; *Goettelman v Indeck Energy Servs. of Olean,* 262 AD2d 958, 959 [1999]). Thus, Smedley failed to demonstrate its entitlement to judgment as a matter of law. Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.