■ Noe Rodriguez et al., Appellants, v JMB Architecture, LLC, Respondent. Builders Choice Concrete Corp., Fourth

Third-Party Defendant/Fifth Third-Party Plaintiff. (And Other Third-Party Actions.) [919 NYS2d 40]—

The plaintiff Noe Rodriguez (hereinafter the injured plaintiff) allegedly was injured when something hit his eye while he was working on the construction of a private residence owned by Joseph Direnzo and Angela Direnzo (hereinafter together the Direnzos). The injured plaintiff's employer, Builders Choice Concrete Corp. (hereinafter Builders Choice), had been hired by the Direnzos to construct a concrete foundation for the residence. The defendant JMB Architecture, LLC (hereinafter JMB), served as the construction manager pursuant to a contract between it and the Direnzos.

After commencing this action against the Direnzos, the plaintiffs moved for leave to amend the complaint to name JMB as a defendant. The Supreme Court granted that motion by order dated November 10, 2009, which was affirmed on a prior appeal to this Court (see Rodriguez v Paramount Dev. Assoc., LLC, 67 AD3d 767 [2009]). The amended complaint alleged causes of action against JMB sounding in common-law negligence, and alleging violations of Labor Law §§ 200 and 241 (6). Thereafter, the caption was amended to eliminate the Direnzos as named defendants. JMB moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted that branch of JMB's motion, and the plaintiffs appeal.

The Supreme Court properly granted that branch of JMB's motion which was for summary judgment dismissing the complaint. Although a construction manager is generally not considered a contractor responsible for the safety of the workers at a construction site pursuant to Labor Law §§ 200 and 241 (6), it may nonetheless become responsible if it has been delegated the authority and duties of a general contractor, or if it functions as an agent of the owner of the premises (see Walls v Turner Constr. Co., 4 NY3d 861 [2005]; Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; see also Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 878 [1993];

*Pino v Irvington Union Free School Dist.*, 43 AD3d 1130 [2007]). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (*Linkowski v City of New York*, 33 AD3d 971, 974-975 [2006]; *see Walls v Turner Constr. Co.*, 4 NY3d at 863-864; *Russin v Louis N. Picciano & Son*, 54 NY2d at 317-318). To impose such liability, the defendant must have the authority to supervise or control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition (*see Linkowski v City of New York*, 33 AD3d 971 [2006]; *Damiani v Federated Dept. Stores, Inc.*, 23 AD3d 329, 331-332 [2005]). It is not a defendant's title that is determinative, but the degree of control or supervision exercised (*see generally Aranda v Park E. Constr.*, 4 AD3d 315, 316 [2004]; *see also Armentano v Broadway Mall Props., Inc.*, 30 AD3d 450 [2006]; *Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464 [2000]).

In opposition to JMB's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether JMB was an agent of the owners or a general contractor on the project (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311 [1981]; *Delahaye v Saint Anns School*, 40 AD3d 679 [2007]). The role of JMB was only one of general supervision, which is insufficient to impose liability under the Labor Law (*see Armentano v Broadway Mall Props., Inc.*, 30 AD3d 450 [2006]; *Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464 [2000]). Paragraph 2.3.15 of the agreement between JMB and the Direnzos provided that "the Construction Manager shall not have control over or charge of and shall not be responsible for construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the Work of each of the Contractors, since these are solely the Contractor's responsibility" (*see Delahaye v Saint Anns School*, 40 AD3d 679 [2007]; *Bateman v Walbridge Aldinger Co.*, 299 AD2d 834 [2002]; *cf. Tomyuk v Junefield Assoc.*, 57 AD3d 518 [2008]). Further, the president of Builders Choice, the injured plaintiff's employer, testified at his deposition that no one from JMB told his employees what to do while they were on the job, and the injured plaintiff testified at his deposition that he never heard of JMB and had never received instructions on how to do his job from anyone other than the foreperson employed by Builders Choice. Similarly, no evidence was submitted demonstrating that JMB had any control or supervisory role over the work of the injured plaintiff, so as to enable it to prevent or correct any unsafe conditions and, thus, no triable issues of fact were raised as to JMB's liability (*see*

*Linkowski v City of New York,* 33 AD3d 971 [2006]; *Singh v Black Diamonds LLC,* 24 AD3d 138, 139-140 [2005]; *Loiacono v Lehrer McGovern Bovis,* 270 AD2d 464 [2000]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.