■ JOSEPH T. MCLAREŃ et al., Respondents, v TURNER CONSTRUCTION COMPANY, Appellant, and MASTERCRAFT MASONRY I, INC., Respondent, et al., Defendant. [963 NYS2d 386]—

In an action to recover damages for personal injuries, etc., the defendant Turner Construction Company appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated December 6, 2011, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Turner

Construction Company for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

"Although a construction manager is generally not considered a contractor responsible for the safety of the workers at a construction site . . . it may nonetheless become responsible if it has been delegated the authority and duties of a general contractor, or if it functions as an agent of the owner of the premises" (*Rodriguez v JMB Architecture, LLC*, 82 AD3d 949, 950 [2011]; *see Domino v Professional Consulting, Inc.*, 57 AD3d 713, 714 [2008]). " 'A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured' " (*Rodriguez v JMB Architecture, LLC*, 82 AD3d at 951, quoting *Linkowski v City of New York*, 33 AD3d 971, 974-975 [2006]). The defendant Turner Construction Company (hereinafter Turner) made a prima facie showing of its entitlement to judgment as a matter of law by establishing, through the admission of construction documents and agreements and the deposition testimony of the parties, that it had not been delegated the authority and duties of a general contractor, and did not have supervisory control and authority over the work being done (*see Rodriguez v JMB Architecture, LLC*, 82 AD3d at 950-951). In opposition, neither the plaintiffs nor the defendant Mastercraft Masonry I, Inc., raised a triable issue of fact as to whether Turner was an agent of the property owner or a general contractor on the construction project (*see id.* at 950-951). Accordingly, the Supreme Court should have granted Turner's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

In light of our determination, we need not reach Turner's remaining contention. Mastro, J.P., Chambers, Hall and Lott, JJ., concur.