■ JUAN CAMPOVERDE, Appellant, v SOUND HOUSING, LLC, et al., Defendants, and ISLAND WIDE BUILDERS, LLC, Respondent. [983 NYS2d 817]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated February 2, 2012, as granted that branch of the motion of the defendant Island Wide Builders, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Island Wide Builders, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is denied.

This action arises out of a workplace accident that occurred on March 23, 2005, when the plaintiff fell from the roof of a building which was under construction at a condominium project in Riverhead. At the time of the accident, the plaintiff was cleaning his tools and materials after having constructed a wood "chimney box" on the roof of a condominium unit. The defendant Sound Housing, LLC, owned the subject property. The defendant Island Wide Builders, LLC (hereinafter Island Wide), was hired by Sound Housing, LLC, to act as construction manager for the project. In the order appealed from, the Supreme Court granted Island Wide's motion for summary judgment, concluding that Island Wide "exercised no authority or control over plaintiff's work or safety procedures at the time of the accident."

"Although a construction manager is generally not considered

a contractor responsible for the safety of the workers at a construction site . . . it may nonetheless become responsible if it has been delegated the authority and duties of a general contractor, or if it functions as an agent of the owner of the premises" (*Rodriguez v JMB Architecture, LLC*, 82 AD3d 949, 950 [2011]; *see Walls v Turner Constr. Co.*, 4 NY3d 861 [2005]; *Domino v Professional Consulting, Inc.*, 57 AD3d 713 [2008]). Here, the evidence submitted by Island Wide revealed triable issues of fact as to whether it was delegated the authority and duties of a general contractor, and whether it exercised supervisory control and authority over the work being done (*see Rodriguez v JMB Architecture, LLC*, 82 AD3d at 950). Since Island Wide failed to establish its prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Pampillonia v Burducea*, 68 AD3d 1081 [2009]; *Zeitoune v Cohen*, 66 AD3d 889, 891 [2009]). Mastro, J.P., Austin, Sgroi and Miller, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30301(U).]**