*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                518022
_____

MICHAEL LARKIN,
                        Appellant,

            v                               MEMORANDUM AND ORDER

SANO-RUBIN CONSTRUCTION
    COMPANY, INC., et al.,
                        Respondents.
_____

Calendar Date:  November 20, 2014

Before:  McCarthy, J.P., Garry, Lynch and Clark, JJ.

_____

        Clifford J. Stern, LLC, New York City (James M. Lane of
counsel), for appellant.

        Goldberg Segalla, LLP, Albany (Latha Raghavan of counsel),
for respondents.

_____

Garry, J.

        Appeals (1) from an order of the Supreme Court (Devine,
J.), entered August 30, 2013 in Albany County, which, among other
things, granted defendants' cross motion for summary judgment
dismissing the complaint, and (2) from an order of said court,
entered February 3, 2014 in Albany County, which denied
plaintiff's motion for reconsideration.

        In 2009, plaintiff's former employer, Atlantic Contracting
& Specialties, LLC, was hired by Niskayuna Central School
District to remove windows from a building at defendant Iroquois
Middle School.  While working on this project, plaintiff was
injured when a window panel above where he was working suddenly
became dislodged, slid down its frame and pinned his right

shoulder between the panel and an empty space in the window frame.  Plaintiff thereafter commenced this action against the school and defendant Sano-Rubin Construction Company, Inc. seeking damages for his injuries and asserting violations of Labor Law §§ 200, 240, and 241 (6), as well as common-law negligence.  Prior to the close of discovery, plaintiff moved for partial summary judgment on his section 240 claim and defendants cross-moved seeking dismissal of the complaint in its entirety. Supreme Court denied plaintiff's motion and granted defendants' cross motion, dismissing the complaint.  Plaintiff's subsequent motion for renewal was denied.  Plaintiff appeals from both orders.[1]

At the time of plaintiff's injury, Sano-Rubin was serving as the construction manager for various construction projects occurring throughout the school district pursuant to a contract it had entered into with the school district.  Plaintiff initially contends that there are factual issues as to whether Sano-Rubin's role renders it a statutory defendant under Labor Law § 240 (1), which  "imposes liability only on contractors, owners or their agents" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 293 [2003]).  Under this provision, a party that is operating as a construction manager is not deemed a statutory agent unless that party has "the authority to direct, supervise or control the work which brought about the injury" (Kindlon v Schoharie Cent. School Dist., 66 AD3d 1200, 1201 [2009]; see Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]; Blake v Neighborhood Hous. Servs. of N.Y. City, Inc., 1 NY3d at 293; Fisher v Hart, 27 AD3d 998, 999 [2006]).  "The key criterion in ascertaining Labor Law § 240 (1) liability is not whether the party charged with the violation actually exercised control over the work, but rather whether [that party] had the right to do so" (Kelly v LeMoyne Coll., 199 AD2d 942, 943 [1993] [citations omitted]).  Similarly, under Labor Law § 200, which codifies the common-law duty of care as between owners, general contractors and their agents, the imposition of liability requires a showing

_____

[1]  As plaintiff did not address Supreme Court's dismissal of his claim pursuant to Labor Law § 241 (6), we deem any such claim abandoned (see Deshields v Carey, 69 AD3d 1191, 1192 n 1 [2010]).

that the defendant possessed the authority to direct or control the activity resulting in injury (see Cook v Orchard Park Estates, Inc., 73 AD3d 1263, 1264 [2010]; Fassett v Wegmans Food Mkts., Inc., 66 AD3d 1274, 1275-1276 [2009]).

Sano-Rubin's contract with the school district provided that Sano-Rubin "shall not have control over or charge of and shall not be responsible for construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the [w]ork of each of the [c]ontractors" and further, that if Sano-Rubin "observes any safety program or action at the site which it believes is improper or in violation of applicable law or rules, it shall immediately advise the [o]wner."  This contract was submitted upon the cross motion, together with proof of the implementation of these contractual limitations on Sano-Rubin's authority, as revealed by the affidavit testimony of its sole employee assigned to the job site, as well as Atlantic's supervisor on the project. These witnesses both confirmed that Sano-Rubin had no authority to direct or control the work being performed by plaintiff. These submissions were sufficient to establish its prima facie right to judgment as a matter of law (see Rodriguez v JMB Architecture, LLC, 82 AD3d 949, 951-952 [2011]).  In opposition, plaintiff relied primarily upon the affidavit of a private investigator summarizing the hearsay statements of several Atlantic workers.  While there are recognized circumstances where hearsay may be considered in opposition to a summary judgment motion, here no reasonable excuse was proffered for failing to tender evidence in admissible form (see Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068 [1979]; Meizinger v Akin, 192 AD2d 1011, 1014 [1993], lv denied 82 NY2d 661 [1993]; Landisi v Beacon Community Dev. Agency, 180 AD2d 1000, 1002-1003 [1992]).  Other documentary evidence submitted by plaintiff failed to undermine Sano-Rubins's assertions.  Thus, as plaintiff failed to raise factual issues relative to Sano-Rubin's exercise of supervisory control of the workplace or authority to direct plaintiff's work, Supreme Court did not err in granting defendants' cross motion for summary judgment dismissing the complaint (see Rodriguez v JMB Architecture, LLC, 82 AD3d at 951; Kindlon v Schoharie Cent. School Dist., 66 AD3d at 1201; Domino v Professional Consulting, Inc., 57 AD3d 713, 714-715 [2008]).

Following the return date of the parties' motions, plaintiff sought to submit further evidence, by means of an affidavit from one of plaintiff's coworkers.  Supreme Court exercised its broad discretion to allow an opportunity for the parties to depose this proposed witness, who thereafter failed to appear for this purpose.  Upon review, we find that the court properly considered the circumstances and determined that defendants would be prejudiced if the untimely affidavit were considered (compare Wilcox v Newark Val. Cent. Sch. Dist., 107 AD3d 1127, 1130 [2013]), and we find no abuse of discretion in the court's initial ruling (see Fleck v Calabro, 268 AD2d 738, 738 [2000]).  Finally, as to plaintiff's request for renewal, such a motion must "be based upon new facts not offered on the prior motion that would change the prior determination [and] contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e]; see 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1396 [2009], lv denied 14 NY3d 706 [2010]).  Plaintiff's motion met neither prong of this test; no reasonable justification for failing to obtain and submit timely proof was submitted and, notably, Supreme Court found the statements within the affidavit to be speculative and conclusory in nature, such that it would not have altered the determination (see Rappaport v North Shore Univ. Hosp., 60 AD3d 1029, 1030 [2009]).

McCarthy, J.P., Lynch and Clark, JJ., concur.

ORDERED that the orders are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court