WILLIE LAMAR, Appellant, v HILL INTERNATIONAL, INC., et al., Respondents. (And a Third-Party Action.) [59 NYS3d 756]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), entered December 22, 2015, as denied his motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of a joint venture hired by the Metropolitan Transportation Authority (hereinafter MTA) to carry out the number 7 train subway extension project on the west side of Manhattan, commenced this action against the defendants, the construction managers for the project, contending that he was injured when he fell from the top of a stack of blasting mats more than 10 feet high. Thereafter, the plaintiff moved for summary judgment on the issue of liability on his Labor Law §§ 240 (1) and 241 (6) causes of action, and the defendants cross-moved, inter alia, for summary judgment dismissing the complaint on the ground that they were not liable under the Labor Law because they did not have the authority to supervise or control the plaintiff's work.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) and properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint. In order to impose liability on a construction manager for a violation of Labor Law §§ 200, 240 (1), or 241 (6), the plaintiff must show that the defendant had the authority to exercise supervision and control over the work that brought about the injury so as to enable the defendant to avoid or correct an unsafe condition (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 697-698 [2016]; Myles v Claxton, 115 AD3d 654, 655 [2014]; Rodriguez v JMB Architecture, LLC, 82 AD3d 949, 950 [2011]; Linkowski v City of New York, 33 AD3d 971, 975 [2006]).

A construction manager of a work site is generally not responsible for injuries under Labor Law §§ 200, 240 (1), or 241 (6) unless it functions as an agent of the property owner or general contractor in circumstances where it has the ability to control the activity which brought about the injury (*see Walls v Turner Constr. Co.*, 4 NY3d at 863-864; *Bennett v Hucke*, 131 AD3d 993, 994 [2015], *affd* 28 NY3d 964 [2016]; *McLaren v Turner Constr. Co.*, 105 AD3d 1016, 1017 [2013]; *Rodriguez v JMB Architecture, LLC*, 82 AD3d at 950). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (*Linkowski v City of New York*, 33 AD3d at 974-975; *see Walls v Turner Constr. Co.*, 4 NY3d at 863-864; *Russin v Louis N. Picciano & Son*, 54 NY2d at 318; *Rodriguez v JMB Architecture, LLC*, 82 AD3d at 951; *Delahaye v Saint Anns School*, 40 AD3d 679, 683 [2007]). An agent's liability is limited "to those areas and activities within the scope of the work delegated or, in other words, to the particular agency created" (*Russin v Louis N. Picciano & Son*, 54 NY2d at 318; *see Bennett v Hucke*, 131 AD3d at 994).

Here, the construction management services contract between the defendants and the MTA provided that the defendants were responsible for coordinating the work relating to the number 7 train subway extension project, namely liaising with contractors to ensure that the project was completed in accordance with cost, time, safety, and quality control requirements and reporting to the MTA. However, the contract did not confer upon the defendants the authority to control the methods used by the contractors, including the plaintiff's employer, to complete their work. The defendants were authorized only to review and monitor safety programs and requirements and make recommendations, provide direction to contractors regarding corrective action to be taken if an unsafe condition was detected, and stop work only in the event of an emergency. The parties' deposition testimony also demonstrated that the defendants did not have control or a supervisory role over the plaintiff's day-to-day work and that they did not assume responsibility for the manner in which that work was conducted. The defendants, therefore, made a prima facie showing that they had no control or supervisory authority over the plaintiff's work so as to enable them to prevent or correct any unsafe conditions (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 293 [2003]; *Russin v Louis N. Picciano & Son*, 54 NY2d at 318; *Vazquez v Humboldt Seigle Lofts, LLC*, 145 AD3d 709, 709-710 [2016]; *Marquez v L & M Dev. Partners, Inc.*, 141 AD3d at 697-699; *Rodriguez v JMB Architecture, LLC*,

82 AD3d at 951; *Linkowski v City of New York*, 33 AD3d at 975). The plaintiff failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

For the same reasons, the Supreme Court's denial of the plaintiff's motion for summary judgment on the issue of liability on his causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) was proper (*see Myles v Claxton*, 115 AD3d at 656). Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.