Borst v Lower Manhattan Dev. Corp. (2018 NY Slip Op 04679)





Borst v Lower Manhattan Dev. Corp.


2018 NY Slip Op 04679


Decided on June 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2018

Renwick, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


105375/08 6985 100115/09 6984

[*1]Michael Borst, et al., Plaintiffs,
v
Lower Manhattan Development Corporation, et al., Defendants, Bovis Lend Lease LMB, Inc., et al., Defendants-Appellants.
Vincent Massa, Plaintiff-Respondent,
v
Bovis Lend Lease LMB, Inc., et al., Defendants-Appellants, Lower Manhattan Development Corporation and Lower Manhattan Construction Command Center, et al., Defendants.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (John F. Watkins of counsel), for appellants.
The Altman Law Firm, PLLC, New York (Michael T. Altman of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 26, 2016, which, in these consolidated actions, insofar as appealed from as limited by the briefs, denied defendants Bovis Lend Lease LMB, Inc. and Bovis Lend Lease, Inc.'s (Bovis) motions for summary judgment dismissing plaintiffs Steve Olsen and Cathy Olsen's, and Vincent Massa's, claims for punitive damages, unanimously affirmed, without costs.
These actions arise from a fire that occurred at the former Deutsche Bank building located at 130 Liberty Street in Lower Manhattan on August 18, 2007. Over a hundred firefighters sustained injuries; two lost their lives. At the time, the building was being decontaminated and demolished. In connection with the abatement work, wooden barriers were erected over the stairwells, preventing quick access to the fire and quick escape when fire conditions got out of control. Also, the water standpipe system was nonoperational due to the removal of a 42-foot section of the pipe in the basement. Bovis was the general contractor on the project.
The court properly denied Bovis's motions for summary judgment insofar as they sought dismissal of plaintiffs' claims for punitive damages. Conduct justifying punitive damages "must manifest spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton'" (Marinaccio v Town of Clarence, 20 NY3d 506, 511 [2013], quoting Dupree v Giugliano, 20 NY3d 921, 924 (2012); see also Bishop v 59 W. 12th St. Condominium, 66 AD3d 401, 402 [1st Dept 2009]). Although issues of fact exist as to whether Bovis's site safety manger, Jeff Melofchik, was present shortly after the subcontractor removed the 42-foot section [*2]of the pipe in November 2006, and whether Melofchik became aware at that point that the segment was part of the standpipe, it is undisputed that Melofchik did not test the standpipe system to ensure that it was operational during the 16-month period from March 2006 (when Bovis became the general contractor on the project) to August 2007 (when the fire occurred). Given that the project consisted of demolition of a high-rise building located in a densely populated area, with many workers on site and potential for fire hazards, the jury could reasonably find that Melofchik's failure to test the standpipe system to ensure it was operational during the 16-month period and failure to enforce the no smoking policy constituted wilful and wanton disregard for the interests of others, justifying an award of punitive damages. We note that Bovis admitted it was required by Department of Building regulations to ensure the readiness of the standpipes for use. Also Melofchik's failures affected the public generally (see Matter of 91st St. Crane Collapse Litig., 154 AD3d 139, 156-157 [1st Dept 2017]; Fabiano v Philip Morris Inc., 54 AD3d 146, 150-151 [1st Dept 2008]).
Bovis's contention that it may not be held liable for punitive damages because nothing showed that a "superior officer" of the corporation ratified Melofchik's egregious conduct is unavailing. An employer may be assessed punitive damages for an employee's conduct "only where management has authorized, participated in, consented to or ratified the conduct giving rise to such damages, or deliberately retained the unfit servant," such that it is complicit in that conduct (Loughry v Lincoln First Bank, 67 NY2d 369, 378 [1986]). Complicity is evident when "a superior officer in the course of employment orders, participates in, or ratifies outrageous conduct" (id.). Although Melofchik was not a "superior officer" and nothing suggests that Bovis management authorized or ratified Melofchik's conduct, an issue of fact exists as to whether management was aware of Melofchik's incompetence but still "deliberately retained the unfit servant (id.)."
The court properly exercised its discretion in permitting plaintiff to proceed on the second set of opposition papers filed by plaintiffs, as the new papers were submitted before Bovis's reply papers were due, did not change the substance of what was originally served, and did not prejudice Bovis (cf. Fleck v Calabro, 268 AD2d 738, 738-739 [3d Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 26, 2018
CLERK