Maurisaca v Bowery at Spring Partners, L.P. (2019 NY Slip Op 00109)





Maurisaca v Bowery at Spring Partners, L.P.


2019 NY Slip Op 00109


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-06223
 (Index No. 702405/12)

[*1]Juan Maurisaca, plaintiff-respondent, 
v
Bowery at Spring Partners, L.P., et al., defendants, Bakers Dozen Associates, LLC, et al., defendants third third-party plaintiffs-respondents, Walsh Company, LLC, defendant third-party/second third-party plaintiff- appellant; Mission Design & Management, Inc., third-party/third third-party defendant-respondent, et al., second third-party/third third-party defendant.


Tromello, McDonnell & Kehoe, Melville, NY (James S. Kehoe of counsel), for defendant third-party/second third-party plaintiff-appellant.
Law Office of Michael S. Lamonsoff, PLLC, New York, NY (Stacey Haskel and Michael H. Zhu, Esq., P.C., of counsel), for plaintiff-respondent.
Faust Goetz Schenker & Blee LLP, New York, NY (Todd M. Hellman and Lisa De Lindsay of counsel), for defendants third third-party plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party/second third-party plaintiff, Walsh Company, LLC, appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered May 24, 2016. The order, in effect, granted that branch of the motion of the defendants third third-party plaintiffs, Bakers Dozen Associates, LLC, and EMM Group Holdings, LLC, and those branches of the separate motions of the third-party/third third-party defendant, Mission Design & Management, Inc., and the plaintiff which were for leave to reargue their opposition to that branch of the motion of the defendant third-party/second third-party plaintiff, Walsh Company, LLC, which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, which was granted in an order of the same court (Valerie Brathwaite Nelson, J.) entered November 6, 2015, and, upon reargument, vacated that portion of the prior order, and thereupon denied that branch of the motion.
ORDERED that the order entered May 24, 2016, is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff, an employee of Mission Design & Management, Inc. (hereinafter Mission), allegedly was injured when he fell from a scaffold as part of a project to construct a restaurant at certain premises in New York City. He commenced this action to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240(1), and 241(6), against, among others, Bakers Dozen Associates, LLC, and EMM Group Holdings, LLC (hereinafter together Bakers Dozen), the entities which leased the subject premises for the purpose of operating the restaurant, [*2]and Walsh Company, LLC (hereinafter Walsh), the construction manager. Third-party actions were subsequently commenced.
Walsh moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order entered November 6, 2015, the Supreme Court, inter alia, granted that branch of Walsh's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Thereafter, Bakers Dozen, Mission, and the plaintiff separately moved, inter alia, for leave to reargue their opposition to the subject branch of Walsh's motion. In an order entered May 24, 2016, the Supreme Court, in effect, granted leave to reargue and, upon reargument, inter alia, denied that branch of Walsh's motion. We affirm.
" Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some [other] reason mistakenly arrived at its earlier decision'" (Barnett v Smith, 64 AD3d 669, 670-671, quoting E.W. Howell Co., Inc. v S.A.F. La Sala Corp., 36 AD3d 653, 654 [internal quotation marks omitted]). Contrary to Walsh's contention, the Supreme Court providently exercised its discretion in granting the branches of the motions which were for leave to reargue that branch of Walsh's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Walsh (see CPLR 2221[d]; Meadowbrook Farms Homeowners Assn, Inc. v JZG Resources, Inc., 105 AD3d 820, 821).
Moreover, we agree with the Supreme Court's determination, upon reargument, denying that branch of Walsh's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Walsh failed to demonstrate its prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). A construction manager of a work site is generally not responsible for injuries under Labor Law §§ 200, 240(1), or 241(6) unless it functions as an agent of the property owner or general contractor in circumstances where it has the ability to control the activity which brought about the plaintiff's injury (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864; Lamar v Hill Intl., Inc., 153 AD3d 685, 686; McLaren v Turner Constr. Co., 105 AD3d 1016, 1017). Here, a triable issue of fact exists as to whether Walsh had the authority to supervise or control the activity that brought about the plaintiff's injury (see Lodato v Greyhawk N. Am., LLC, 39 AD3d 491, 493). Among other things, in a "Project Management Services Proposal" agreement (hereinafter the agreement) entered into between Walsh and Bakers Dozen, Walsh agreed, inter alia, to provide certain services as "agent" of Bakers Dozen. The agreement further stated that, during the construction implementation phase, Walsh would "[i]ssue directives, clarifications and notices" and "monitor the site as required to maintain the progress of construction work."
Walsh's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court