Martinez v Shore Oaks, LLC (2025 NY Slip Op 01084)

Martinez v Shore Oaks, LLC

2025 NY Slip Op 01084

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-10090
 (Index No. 606546/21)

[*1]Jose Guevara Martinez, respondent, 
v
Shore Oaks, LLC, defendant, McNulty Development Corp., appellant.

L'Abbate, Balkan, Colavita & Contini, LLP, Melville, NY (Keith J. Stevens of counsel), for appellant.
Gorayeb & Associates, P.C., New York, NY (Martin J. Moskowitz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant McNulty Development Corp. appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered September 22, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant McNulty Development Corp. which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it are granted.
The defendant McNulty Development Corp. (hereinafter MDC) was retained by Shore Oaks, LLC (hereinafter Shore Oaks), as a construction manager to manage the construction and to arrange for the coordination and scheduling of construction of a single-family residence on a lot located on Shore Drive in Plandome (hereinafter the project). Shore Oaks hired and paid the contractors on the project, including Castro Carpentry Corp. (hereinafter Castro). On January 7, 2021, the plaintiff was employed as a carpenter by Castro when he fell 18 feet to the ground from the roof of the house while putting up windows and molding using an air gun. The plaintiff subsequently commenced this action against the defendants. MDC moved, inter alia, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it, contending that it was not authorized to supervise or control the plaintiff's work. The Supreme Court denied those branches of the motion, and MDC appeals.
Labor Law §§ 240(1) and 241(6) provide that "the nondelegable duties imposed by those statutes apply only to contractors and owners and their agents" (Bonkoski v Condos Bros. Constr. Corp., 216 AD3d 612, 614 [internal quotation marks omitted]). "Although a construction manager of a work site is generally not responsible for injuries under Labor Law §§ 200, 240(1), or 241(6), when it functions as an agent of the property owner or general contractor in circumstances where it has the ability to control the activity which brought about the plaintiff's injury, [*2]responsibility will attach" (Jin Gak Kim v Kirchoff-Consigli Constr. Mgt., LLC, 197 AD3d 1289, 1290-1291; see Maurisaca v Bowery at Spring Partners, L.P., 168 AD3d 711, 712). In this regard, a party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured (see Lamar v Hill Intl., Inc., 153 AD3d 685, 686). "An agent's liability is limited to those areas and activities within the scope of the work delegated or, in other words, to the particular agency created" (id. [internal quotation marks omitted]).
Here, MDC established its prima facie entitlement to judgment as a matter of law through, among other things, the deposition testimony of the plaintiff and the contractual agreement between itself and Shore Oaks, which demonstrated that MDC did not have the authority to control or supervise the plaintiff's work (see Giannas v 100 3rd Ave. Corp., 166 AD3d 853, 856; Lamar v Hill Intl., Inc., 153 AD3d at 686). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contentions that MDC was contractually responsible for reviewing and coordinating the safety programs of the contractors on the project site, yet failed to ensure compliance, and was required to coordinate the activities of all the contractors and report any deficiencies to Shore Oaks were insufficient to raise a triable issue of fact (see Lamar v Hill Intl., Inc., 153 AD3d at 686; Rodriguez v JMB Architecture, LLC, 82 AD3d 949, 951; Armentano v Broadway Mall Props., Inc., 30 AD3d 450, 451; Loiacono v Lehrer McGovern Bovis, 270 AD2d 464, 464).
Accordingly, the Supreme Court should have granted those branches of MDC's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court